UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

R. SCOTT TOBIN,                )
                               )
    Plaintiff,                 )
                               )
v.                             )    Case No.   CV412-207
                               )
STEPHEN D. BARNHILL,           )
                               )
    Defendant.                 )

### ORDER

Represented by Victoria H. Tobin, R. Scott Tobin sued Stephen D. Barnhill for defamation in a state court action that Barnhill removed to this Court. Doc. 1 at 6. Victoria, who used to be a member of this Court's bar, *In re Tobin*, MC411-034, doc. 2 (S.D. Ga. Aug 1, 2011) (order granting her motion to withdraw from this Court's bar), has not signed any post-remand documents filed here; only Scott has signed them. Barnhill's counsel, however, has been serving her with his filings. Doc. 4 at 3; doc. 5 at 4.

It is Scott's right to proceed *pro se*, 28 U.S.C. § 1654, but the Clerk is **DIRECTED** to amend the docket to reflect that Victoria H. Tobin has not

appeared in this case and thus is *not* "Lead Attorney; Attorney To Be Noticed."  And under Fed. R. Civ. P. 5(b)(1), defense counsel need serve only Scott, who is an attorney married to Victoria.  Doc. 11 at 1-2; doc. 14 at 6.

Scott, meanwhile, has moved to remand the case back to state court, doc. 7 (this motion is before the district judge), and also moves to stay the case until that motion is reached.  Doc. 10.  Barnhill has moved for a more definite statement.  Doc. 12.

Taking a "preliminary peek"[1] at the remand motion, the Court **GRANT** Scott's stay motion.  Doc. 10.  He says he is a Georgia resident, doc. 14 (he supplies various domicile facts); doc. 10 at 2 (his "signature address"); doc. 8 at 4, 6, and so is Barnhill.  If true, that means the diversity jurisdiction on which the removal was predicated is missing.  Barnhill challenges Scott's residence, doc. 11, but subtle distinctions must be sorted by the district judge on the diversity-jurisdiction challenge

---

[1]  *See McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006); *Arriaga-Zacarias v. Lewis Taylor Farms, Inc.*, 2008 WL 4544470 at * 2 (M.D. Ga. Oct. 10, 2008) ("it may be helpful for the court to take a 'preliminary peek' at the merits of the dispositive motion to assess the likelihood that [a stay] motion will be granted").

2

here.[2]  Suffice it to say that Scott's remand motion has some heft to it.  In light of the stay, the Court **DENIES** Barnhill's Motion for a More Definite Statement (doc. 5) without prejudice to renew it if this case is not remanded.

**SO ORDERED** this 27th day of September, 2012.

*/s/ M. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2]  Barnhill insists that Scott Tobin has left his Savannah, Georgia home and is now a resident of, and thus domiciled in, South Carolina.  Doc. 11 at 6-8.  Domicile is key to diversity jurisdiction.  WRIGHT & MILLER: 13E FED. PRAC. & PROC. JURIS. § 3612 (3d ed. Apr. 2012) ("Numerous judicial opinions, at all levels of the federal courts, consistently with traditional doctrine in other legal contexts, establish that a person has only one domicile for diversity purposes at a particular time, even though he or she may have several residences in different states.") (footnote omitted).  And "[m]ere absence from a fixed home, however long or continued, cannot, in and of itself, effect a change in domicile[,]" for purposes of the diversity jurisdiction. *Persinger v. Extendicare Health Services, Inc.*, 539 F. Supp. 2d 995, 997 (S.D. Ohio 2008).  The inquiry must go further, however, because there is a difference between a residence and a domicile.  As an encyclopedist explains:

> While a party may have more than one residence, he or she has only one domicile, for purposes of diversity jurisdiction. Moreover, it is possible for persons to be domiciled in one state while resident in another, such as students who study in a state other than their home state, persons employed or engaged in business in a state other than their home state, persons who are away from their home for reasons of health, and persons who are serving in the United States Armed Forces in a place outside their home state.

1 FED. PROC., L. ED. § 1:80 (Sep. 2012) (footnotes omitted).  Intent controls here.  32A AM. JUR. 2D FEDERAL COURTS § 668 (Aug. 2012).  Scott has unmistakably expressed his intent to retain his Georgia domicile.  Doc. 14.