IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

R. SCOTT TOBIN,            )
                           )
    Plaintiff,             )
                           )
v.                         )    CASE NO. CV412-207
                           )
STEPHEN D. BARNHILL,       )
                           )
    Defendant.             )
                           )

### O R D E R

Before the Court is Plaintiff R. Scott Tobin's Motion to Remand. (Doc. 7.) This case, which raises claims of defamation, was removed by Defendant Stephen D. Barnhill from the State Court of Chatham County. (Doc. 1.) In the Notice of Removal, Defendant states that complete diversity exists because he is a citizen of Georgia and Plaintiff is a citizen of North Carolina. (Id. ¶¶ 6-7; id., Attach. A ¶ 1.) In his motion, Plaintiff argues that he is a citizen of Georgia and, as a result, the Court lacks diversity jurisdiction over this case. (Doc. 8 at 1.)

Over many responses, replies, and supplements, the parties have argued back and forth over this issue. Basically, Plaintiff claims he is a Georgia citizen because his vehicles are registered in Georgia, he holds a Georgia driver's license and boater's certification, he is registered to vote in Georgia, and his son is a student in

the Savannah-Chatham County Public School System. (Doc. 14 at 2-3.) Plaintiff even states that "by my signature below I confirm that my intent was at the time this case was filed in the State Court of Chatham County and continues to be to maintain my Georgia residence as my domicile." (Id. at 2.) Defendant counters that Plaintiff lives in Blowing Rock, N.C.; practices at a North Carolina law firm; and listed his Savannah home for sale. (Doc. 11 at 6-7.)

As the party invoking this Court's diversity jurisdiction, Defendant bears the burden of proving that complete diversity exists between the parties. See 28 U.S.C. § 1332; Ray v. Bird & Son & Asset Realization Co., 519 F.2d 1081, 1082 (5th Cir. 1975)[1] ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction, and if jurisdiction is properly challenged, that party also bears the burden of proof."). Complete diversity exists where the citizenship of every plaintiff is diverse from the citizenship of every defendant. Legg v. Wyeth, 428 F.3d 1317, 1320 n.2 (11th Cir. 2005). Individuals are citizens of the state in which they are domiciled. McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

2

Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." Id. at 1257-58. A change in domicile requires "[a] concurrent showing of (1) physical presence at the new location with (2) an intention to remain there indefinitely." Id.

Keeping these principles in mind, the Court concludes that Plaintiff was a citizen of Georgia at the time the complaint was filed. First, Plaintiff owned a residence in Georgia even though he maintained a separate home in North Carolina. Second, Plaintiff's automobiles were registered in Georgia. Third, Plaintiff held a Georgia driver's license and was registered to vote in Georgia. Lastly, Plaintiff's son attended school in the Savannah—Chatham County Public School System. In addition, Plaintiff has certified[2] that his "intent was at the time this case was filed in the State Court of Chatham County and continues to be to maintain [his] Georgia residence as [his] domicile." (Doc. 14 at 2.) While Plaintiff may have significant

---

[2] The Court notes that, while Plaintiff is appearing pro se, he is a member of the State Bar of Georgia. Should the Court learn that any of Plaintiff's factual contentions were false or misleading, it will not hesitate to both sanction Plaintiff and refer the matter to the State Bar of Georgia for investigation.

3

contact and spend a considerable amount of his time in North Carolina, Defendant has not convinced this Court that Plaintiff had established his domicile in North Carolina at the time Plaintiff filed his complaint.

At this point, however, the Court must note its disappointment that Plaintiff utterly failed to recognize the defect in Defendant's removal. While Defendant's Notice of Removal suspiciously omits that he is a citizen of Georgia, Plaintiff identified Defendant as such in the complaint. (Doc. 1, Attach. 1 ¶ 1.) Even more frustrating is that Plaintiff notes in his motion the irony of removal by a lifetime local resident. (Doc. 8 at 2 n.2 ("Ironically, it is the party born and raised in Chatham County, Georgia, who seeks removal here from state court.").)

Well, the Court then is awash in a sea of irony because the federal removal statute prohibits removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). This statute—the Home State Defendant Rule—prohibits the removal of cases to federal court where, despite complete diversity between the parties, one of the defendants is a citizen of the state from whose judicial system the case is being removed. Unfortunately

4

for Plaintiff, the remand statute requires that a plaintiff seek remand for violations of the Home State Defendant Rule within thirty days of the notice of removal. See 28 U.S.C. § 1447(c); Hall v. 84 Lumber Co., 4:09-cv-00057, Doc. 202 at 6-9 (S.D. Ga. Mar. 28, 2012). In other words, Plaintiff could have easily obtained remand in this case without having to establish his citizenship, but lost his ability to do so by failing to timely raise the issue before the Court.

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. 7) is **GRANTED**. Accordingly, this case is **REMANDED** to the State Court of Chatham County. The Clerk of Court is **DIRECTED** to send a certified copy of this Order to the Clerk of the State Court of Chatham County and to close this case.

SO ORDERED this 24th day of September 2014.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA